2001 OK CIV APP 24

**In the Matter of Joann O'BREGON.**

**Joann O'Bregon, Appellant,**

**v.**

**Oklahoma Tax Commission, Appellee.**

**No. 93635.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Feb. 2, 2001.

---

Gregory H. Bigler, Rice & Bigler, Sapulpa, OK, for Appellant.

LaRonna Harris, Assistant General Counsel, Oklahoma Tax Commission, Oklahoma City, OK, for Appellee.

JOPLIN, Judge:

¶ 1 JoAnn O'Bregon (Taxpayer) seeks review of an order of the Oklahoma Tax Commission (OTC) denying her protest to the imposition of additional income tax on her wages. In this proceeding, Taxpayer asserts she earned the wages while working in recognized "Indian Country," and living within a tribal "service area," as to render the wages exempt from the additionally assessed State income tax. Having reviewed the applicable authorities, however, we find no error as alleged, and hold the order of the OTC should be affirmed.

¶ 2 Briefly, Taxpayer is a member of the Kaw Nation of Oklahoma (Tribe). Taxpayer worked for the Tribe on lands held in trust by the United States and supervised by the United States Department of Interior, Bureau of Indian Affairs. Taxpayer resides in Ponca City, Oklahoma, in a Mutual Help Home situated within the boundaries of a federally defined Tribal service area; administered by the Housing Authority of the Kaw Nation; but operated pursuant to the Oklahoma Housing Authority Act, 63 O.S.1991 § 1051 et seq.

¶ 3 The OTC Audit Division assessed Taxpayer additional income tax, asserting she failed to meet the requirements for exclusion of her Tribal income. Taxpayer protested, arguing federal law prohibits imposition of income tax on tribal members who both live and work in "Indian Country." *See, e.g., Oklahoma Tax Commission v. Chickasaw Nation,* 515 U.S. 450, 115 S.Ct. 2214, 132 L.Ed.2d 400 (1995); *Oklahoma Tax Commission v. Sac and Fox Nation,* 508 U.S. 114, 113 S.Ct. 1985, 124 L.Ed.2d 30 (1993). The matter was submitted for consideration by OTC Hearing Examiner based on stipulations and position letters. The Hearing Examiner issued Findings, Conclusions and Recommendations, denying Taxpayer relief on the grounds, in essence, that the home in which Taxpayer resided came under the ulti-

mate authority of the Oklahoma Housing Authority and was not, therefore, included in the definition of "Indian Country" for income tax purposes. The full Commission then issued its order upholding the decision of the Hearing Examiner. Taxpayer appeals.

¶ 4 The sole issue presented, then, is whether Taxpayer's residence is situated in "Indian Country." Ordinarily, "Indian Country" includes formal and informal reservations, dependent Indian communities, and Indian allotments, whether restricted or held in trust by the federal government, pursuant to 18 U.S.C. § 1151. *Sac and Fox Nation,* 508 U.S. at 123, 113 S.Ct. at 1990–1991. While the State of Oklahoma may not assess tax on a tribal member's income where the member both lives within "Indian Country" and earns the income within "Indian Country," the State of Oklahoma may assess tax on the income of any person residing outside "Indian Country." *Chickasaw Nation,* 515 U.S. at 453, 115 S.Ct. at 2217.

¶ 5 In the present case, Taxpayer argues that because the property in which she resides was obtained as part of a *federal* program to assist Indian tribes in securing suitable housing for tribal members, and is situated within the Tribal service area, the property constitutes, at the very least, a dependent Indian community. However, the Oklahoma Housing Authorities Act authorized the operation of Indian Housing Authorities in certain areas as state agencies pursuant to the Act, accordingly subject to state not federal jurisdiction. *See, Alaska v. Native Village of Venetie Tribal Government et al.,* 522 U.S. 520, 118 S.Ct. 948, 140 L.Ed.2d 30 (1998); *U.S. v. Adair,* 111 F.3d 770 (10th Cir.(Okla.) 1997).

¶ 6 On the stipulated facts of this case and the cited authorities, the OTC concluded Taxpayer did not reside in "Indian Country," and denied her claims for refund. We have reviewed the record herein and find the order of OTC—adopting the Findings, Conclusions and Recommendations of the Administrative Law Judge, and appended hereto—free of legal error, supported by the stipulated facts, and explanatory of the decision. The order of OTC denying Taxpayer's claims

for refund is therefore AFFIRMED. Rule 1.202(d), Oklahoma Supreme Court Rules, 12 O.S. Supp.1991, Ch. 15, App. 1.

¶7 ADAMS, P.J., and CARL B. JONES, J., concur.